Rodríguez de Oronoz, Jueza Ponente
TEXTO COMPLETO DE LA SENTENCIA
Los apelantes solicitan la revisión, de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (Hon. Berta Mainardi Peralta), la cual declaró con lugar una Moción de Desestimación presentada por la parte demandada. En la demanda se reclamaba el derecho de los demandantes a que los demandados le transfirieran el título de propiedad de un solar, alegadamente adquirido por su padre bajo la Ley *614 Núm. 132 del 1 de julio de 1975. 17 L.P.R.A. ββ 751 et seq.
I
Inés Ramos Rivera, Pascual Ramos Rivera, Carlos Ramos Rivera, Carmen Raquel Ramos Rivera, Matilde Ramos Maldonado, Miguel Pérez Ramos y Elizabeth Pérez Ramos, constituyen la Sucesión de Don Enrique Ramos Carmona y de Doña Isabel Rivera Rodríguez, fallecidos intestados en San Juan, Puerto Rico, el 25 de diciembre de 1990 y el 6 de septiembre de 1983, respectivamente (en adelante, la Sucesión). Estos reclamaron la titularidad de un solar, identificado como el número 25 de la Calle 39, Sección F del Proyecto Plebiscito III ARF-19 en Río Piedras, Puerto Rico, propiedad de la Corporación de Renovación Urbana y Vivienda (en adelante, C.R.U.V.).
Alegaron que en la década del 1970, su causante, Don Enrique Ramos Carmona, invadió el solar objeto de este pleito y debido a que el solar se encontraba en terrenos aledaños a la Laguna San José, el Sr. Ramos procedió a rellenar el mangle con el propósito de habilitarlo y hacerlo más espacioso. Al momento de la invasión, el Sr. Ramos y su familia residían en el Proyecto de Vivienda Manuel A. Pérez en Río Piedras y éste estaba pensionado por incapacidad bajo la Ley de Seguro Social Federal. El Sr. Ramos construyó edificaciones de madera en el solar donde vivió por algunas temporadas hasta que el huracán Hugo destruyó el lugar en 1989. Al momento de su muerte, en el solar existía una construcción sin terminar que iba a ser su residencia. 
El 1 de julio de 1975, la Asamblea Legislativa aprobó la Ley Núm. 132, supra, la cual autorizó la transferencia de terrenos propiedad del Estado, a título gratuito, a los habitantes que invadieron los mismos. La sección 12 de la Ley establecía los requisitos básicos que tenían que cumplir los invasores-ocupantes de los terrenos para la transferencia de los mismos.
El 6 de octubre de 1976, la C.R.U.V. autorizó al Sr. Ramos para terminar la construcción de una estructura en el solar objeto de controversia que sería utilizada como centro recreativo que llevaría el nombre “Centro Recreativo Roberto Clemente, Inc. ”. Dicho Centro fue incorporado en el Departamento de Estado el 30 de diciembre de 1975. El Sr. Ramos fungía como su presidente e incorporador y operaba el mismo. Su hijo, Pascual Ramos Rivera, trabajó en el Centro como líder recreativo. Las actividades allí celebradas eran de carácter cívico y deportivo. A tales fines y a solicitud del Sr. Ramos, la Administración de Reglamentos y Permisos (A.R.P.E.), emitió permisos temporeros de uso, con vigencia de un año cada uno, a nombre del Centro Recreativo Roberto Clemente, Inc. durante los años 1977 y 1981.
El 9 de agosto de 1991 se aprobó la Ley Núm. 55, 17 L.P.R.A. ββ 27 et seq., la cual regula la disolución y liquidación de la C.R.U.V. El Artículo 4 de dicha ley establecía un término de ciento veinte (120) días siguientes a la vigencia de la ley para presentar cualquier reclamación o demanda contra la Oficina de Liquidación de las Cuentas de la C.R.U.V. (en adelante, O.L.C.C.R.U.V.). No obstante, ni el Sr. Ramos ni sus herederos hicieron alguna reclamación de titularidad del solar en cuestión a la C.R.U.V., en virtud de la Ley Núm. 132, supra, y su reglamento.
La primera reclamación de titularidad del solar que hiciera la Sucesión a la O.L.C.C.R.U.V. fue mediante carta de fecha 21 de enero de 1994. El 24 de febrero de 1994, la O.L.C.C.R.U.V. les notificó que dicho solar pertenecía a la C.R.U.V. y que no tenían evidencia que demostrara la titularidad de los sucesores de Don Enrique Ramos Carmona y Doña Isabel Rivera Rodríguez. También se les notificó que el solar estaba a la venta y que estudiaría el asunto a la luz de la Ley Núm. .132, supra.
El 24 de marzo de 1994, la Sucesión presentó una demanda sobre sentencia declaratoria y solicitud de *615 remedio provisional ante el Tribunal de Primera Instancia. En la misma, reclamó el derecho a que los demandados le transfieran el título de propiedad del solar objeto del pleito, en virtud de un derecho adquirido por su padre fallecido, Sr. Enrique Ramos Carmona, bajo la Ley Núm. 132, supra, conocida como la Ley de Viviendas Enclavadas en Terrenos Ajenos. También solicitó que se expidiera una orden dirigida a impedir que el Síndico para la liquidación de la C.R.U.V. vendiera, transfiriera o de cualquier modo enajenara la referida propiedad, sin antes discutirse y adjudicarse la titularidad de la misma. 
Luego de varios trámites procesales, el 3 de agosto de 1995 se celebró vista en la cual el tribunal, con el allanamiento de las partes, determinó remitir el caso al foro administrativo para que la O.L.C.C.R.U.V., de conformidad con la Ley Núm. 132 y el reglamento, determinara la titularidad del solar en controversia. La Sucesión desistió de su reclamación contra el Estado Libre Asociado y se ordenó el archivo del caso sin perjuicio.
AI no encontrar el remedio deseado en el foro administrativo, la Sucesión solicitó la continuación del trámite en este caso, por lo que se ordenó la reapertura del procedimiento. La vista en su fondo se celebró el 16 de junio de 1997. La prueba testifical presentada por la Sucesión consistió del testimonio de Inés Ramos Rivera y Miguel Angel Monge Santiago y se puso a disposición de los demandados el testimonio de Pascual Ramos Rivera, por entender que era prueba acumulativa. Los demandados no presentaron prueba testifical y se limitaron a contrainterrogar los testigos de defensa e interrogar al testigo puesto a su disposición. Además, las partes estipularon ciertos documentos como prueba para récord.
El 10 de agosto de 1998, el tribunal emitió sentencia en el caso, declarando con lugar una moción de desestimación presentada por los demandados. Concluyó que, a tenor con la prueba presentada y creída por el tribunal, la Sucesión no probó que su causante, el Sr. Ramos, hubiera ocupado el solar antes del año 1975, ni que en él enclavara su única residencia con carácter permanente. Por el contrario, el Sr. Ramos utilizó dichos terrenos para operar las facilidades de un centro recreativo. En consecuencia, éste no cumplió con los requisitos establecidos en la Ley Núm. 132, supra, y su reglamento y no era elegible para adquirir los derechos sobre el terreno en virtud de dicho estatuto.
Inconforme, la Sucesión acude a este Tribunal alegando principalmente que erró el Tribunal de Primera Instancia al determinar que la Sucesión de Don Enrique Ramos Carmona y Doña Isabel Rivera Rodríguez no tenía derecho alguno en el solar, a tenor con la Ley Núm. 132, supra, ya que el Sr. Ramos no tuvo posesión del terreno. Además, alegó que erró el tribunal de instancia al desestimar lá demanda a tenor con el Artículo 4 de la Ley Núm. 55, supra. Por último, alegó que las actuaciones del Síndico Liquidador de la C.R.U.V. y la sentencia constituyeron una incautación de la propiedad sin el debido proceso de ley y sin pagar la debida compensación.
II
La Ley Núm. 132, supra, permitió a aquellas familias que tenían viviendas enclavadas en terreno ajeno obtener los títulos de propiedad de dichos terrenos por un precio marginal, siempre y cuando cumplieran con ciertos requisitos esbozados en la propia ley. Para determinar la elegibilidad de los aspirantes a la titularidad de esos terrenos, examinaremos las disposiciones correspondientes en la ley y en el reglamento que la implementa, Reglamento Núm. 3939 de julio de 1989.
Se define “ocupante” como una familia que entró a poseer en o antes del 1 de julio de un solar o parte de éste en terrenos privados o pertenecientes a una agencia o instrumentalidad pública, sin estar autorizado por ellos y que por tolerancia del dueño se le permitió poseerlo. El término “familia ” se define como un grupo de dos o más personas relacionadas por sangre, matrimonio o por adopción legal que hayan de vivir juntas *616 regularmente en la misma vivienda o una persona sola de 62 años o más, o que esté incapacitada por las disposiciones de la Ley de Seguro Social Federal. Por último, se define “vivienda” como una estructura capaz de albergar seres humanos dedicada a uso residencial de una familia.
Los requisitos que debían cumplir los ocupantes de los solares, a tenor con la Sección 12 de la Ley y el Artículo 3 del Reglamento, son los siguientes: (1) ser ocupante de un solar y haber vivido en la vivienda enclavada en el mismo; (2) tener constituido en dicho solar su domicilio permanente; (3) no poseer otra vivienda de ninguna índole; y (4) estar residiendo en la vivienda al momento de la aprobación de esta ley, es decir, 1 de julio de 1975.
De los autos de este caso se desprende que el Sr. Ramos cumplía con los requisitos de “familia”, según las disposiciones de la Ley Núm. 1321, supra, pues estaba pensionado por incapacidad bajo la Ley de Seguro Social Federal. Sus herederos, los apelantes en este caso, alegaron que el Sr. Ramos ocupó el solar en controversia desde 1970 hasta su muerte en 1990, en forma ininterrumpida y que tenía enclavada su residencia en el mismo. Sin embargo, la prueba presentada y creída por el tribunal de instancia demostró que el Sr. Ramos y su familia no cumplieron con los requisitos que dispone la Ley Núm. 132, supra. La prueba demostró que el Sr. Ramos y su familia no eran ocupantes del solar en calidad de dueños y que el Sr. Ramos obtuvo permiso de la C.R.U.V., dueño del solar en cuestión, para terminar una estructura en el mismo que sería utilizada para establecer un centro recreativo. Posteriormente, el Sr. Ramos obtuvo permiso temporero de A.R.P.E. para operar un centro recreativo bajo el nombre corporativo Centro Recreativo Roberto Clemente, Inc. La estructura establecida en el solar no cumplía con los requisitos de “vivienda” que requiere la Ley, pues la misma no estaba “dedicada a uso residencial de una familia”. (Véase, Exposición Narrativa de la Prueba de 12 de enero de 1999.)
Resulta claro que los apelantes no probaron que su causante, Don Enrique Ramos Carmona, había ocupado el solar en controversia, en concepto de dueño, antes del año 1975 ni que la estructura levantada en el solar constituía la única residencia del Sr. Ramos, con carácter permanente, tal y como lo requería la definición de “ocupante” de la Ley Núm. 132, supra. Por el contrario, la prueba demostró que el Sr. Ramos utilizó los terrenos para establecer y operar las facilidades de la entidad corporativa conocida como “Centro Recreativo Roberto Clemente, Inc.”. En consecuencia, concluimos que el Sr. Ramos no cumplió con los requisitos establecidos en la Ley Núm. 132, supra, y su Reglamento y no era elegible para adquirir los derechos sobre el terreno en virtud de dicho estatuto.
No teniendo el Sr. Ramos y, por ende, sus herederos, derechos sobre el terreno, no es necesario entrar a discutir los otros errores señalados.
III
Por los fundamentos antes expuestos, se confirma la sentencia apelada.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Grauláu
Secretaria General
ESCOLIOS 2000 DTA 8
1. El Sr. Miguel Angel Monge Santiago, vecino del Sr. Ramos, declaró que durante la construcción en dicho solar de lo que sería la vivienda del Sr. Ramos, éste vivía en el Residencial Manuel A. Pérez.
*617 2. La Ley Núm. 55 disolvió la C.R.U.V. y ordenó la liquidación de todos sus activos y la utilización del producto de esa liquidación para atender sus obligaciones financieras. A estos fines, creó la O.L.C.C.R.U.V., dirigida y administrada por un Síndico Especial para lograr sus propósitos, según la exposición de motivos de la ley.
3. Esta última solicitud fue denegada mediante resolución dictada el 2 de septiembre de 1994 por el Hon. Flavio E. Cumpiano, del extinto Tribunal Superior de Puerto Rico.